UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
DISTRICT COUNCIL NO. 9 INTERNATIONAL            :
UNION OF PAINTERS AND ALLIED TRADES,            :
AFL-CIO,                                         :
:                   21 Civ. 4780 (JPC)
Plaintiff,         :
:                   ORDER
-v-                               :
:
SPEEDO CORP., *also known as* SPEEDO             :
CORPORATION,                                     :
:
Defendant.         :
:
------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Petitioner District Council No. 9 International Union of Painters and Allied Trades, A.F.L.-C.I.O., a labor organization, brings this action against Respondent Speedo Corp. pursuant to section 301 of the Labor Management Relations Act of 1947 ("LMRA"), *as amended*, 29 U.S.C. § 185, seeking to confirm and enforce an arbitrator's award. Dkt. 1 ("Petition") ¶¶ 1-2. The Petition is unopposed, as Respondent has neither appeared before this Court nor submitted an opposition. For the reasons below, the Court grants the Petition and confirms the arbitration award.

## I. Background

**A.     Facts**

On May 1, 2011, Petitioner entered into a Trade Agreement with the Association of Master Painters and Decorators of New York, Inc. (the "Association"), The Association of Wall, Ceiling & Carpentry Industries of New York, Inc., The Drywall Taping Contractors' Association of Greater New York, and The Window and Plate Glass Dealers Association. *See* Dkt. 2 ("Kugielska Declaration"), Exh. B ("CBA") at 2. Respondent, a New York corporation, Petition ¶ 3, agreed to

be bound by the CBA on November 7, 2017.  CBA at 125.  On April 25, 2019, Petitioner and the Association modified the CBA, raising wage for Union members, adding language regarding the CBA's scope, and increasing the penalties for violations of the CBA.  *Id.* at 109-24.  The CBA requires, *inter alia*, that Respondent only hire unionized employees for work within the scope and geographical jurisdiction of the CBA.  *Id.* Art. II.  As modified on April 25, 2019, the CBA states that if a party breaches by hiring a non-Union worker, the first offense carries a penalty of "$4000.00 for each non-union man plus $2000.00 liquidated damages," and the second offense carries a penalty of "$10000.00 for each non-union man plus $3000.00 liquidated damages plus the Joint Trade Committee has discretion to implement 50% of the men on the job from the Union."  *Id.* at 120.  The CBA further provides that "all grievances and disputes which arise between parties as to the interpretation or application of this Trade Agreement and to make such awards or assess remedies, damages and penalties for violations of this Trade Agreement" will be resolved through arbitration by the Joint Trade Committee or the Joint Trade Board.  *Id.* Art. XIII § 3.

On January 20, 2021, a union business agent observed a non-Union employee performing work that fell within the scope of the CBA for the Respondent.  Kugielska Declaration, Exh. A ("Award"); *see* Petition ¶ 6.  Two days later, Petitioner filed a demand to arbitrate with the Joint Trade Committee and served the demand on Respondent.  *See* Petition ¶ 7; Award at 2; Kugielska Declaration, Exh. C.  The Joint Trade Committee held an arbitration hearing on February 2, 2021, at which representatives of Petitioner and Respondent attended.  Petition ¶ 8; Award at 2-3.  On February 16, 2021, the Joint Trade Committee rendered the Award, finding Respondent "guilty for the hiring of a non-Union employee, in violation of Article II and Article XIII Section 11 Violation 6."  Award at 3-4; *see* Petition ¶¶ 8-11.  The Joint Trade Committee also determined that Respondent's offense was its second, and the Committee thus "directed [Respondent] to pay a

$10,000 fine and $3,000 in liquidated damages as a second offense for the hiring of non-Union labor." Award at 3; *see* Petition ¶ 10.

The next day, Petitioner served Respondent with the Award. *See* Petition ¶ 11; Kugielska Declaration, Exh. D. After Respondent failed to comply with the Award within ten days of receipt of service, Petitioner sent Respondent a demand letter. Petition ¶ 12; Kugielska Declaration, Exh. E. As of the date of the filing of the Petition, Respondent has paid no portion of the Award. Petition ¶ 13. Nor has Respondent commenced an action seeking to vacate or modify the Award. Dkt. 9 ¶ 11; Dkt. 10 ¶ 12.

### B.   Procedural Background

On May 28, 2021, Petitioner filed the Petition to confirm the Award rendered by the Joint Trade Committee. Petitioner served Respondent with the Petition on June 2, 2021. Dkts. 6, 7. On August 9, 2021, Petitioner moved for summary judgment, pursuant to Federal Rule of Civil Procedure 56, asking this Court to confirm the Award. Dkts. 8-11. On August 13, 2021, the Court issued a briefing schedule, setting a deadline of September 13, 2021 for any opposition to summary judgment. Dkt. 12. On August 16, 2021, Petitioner file a certificate of service, confirming that the August 13, 2021 scheduling order was served on Respondent. Dkt. 13. With still no appearance in this case from Respondent, nor any opposition to the Petition filed, the Court considers Petitioner's motion for summary judgment unopposed.

## II.   Discussion

### A.   Applicable Law

"The LMRA establishes a federal policy of promoting industrial stabilization through the collective bargaining agreement, with particular emphasis on private arbitration of grievances." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536

(2d Cir. 2016) (quotations omitted). "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court," and "[o]nly a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quotations omitted).

As a result, judicial review of an arbitration award is "limited to determining whether the arbitration proceedings and award met the minimum legal standards established by" the LMRA. *Nat'l Football League Mgmt. Council*, 820 F.3d at 532. The Court "must simply ensure that the arbitrator was even arguably construing or applying the contract and acting within the scope of his authority and did not ignore the plain language of the contract." *Id.* (quotations omitted). Under this standard, "even if an arbitrator makes mistakes of fact or law, [a district court] may not disturb an award so long as [the arbitrator] acted within the bounds of his bargained-for authority." *Id.* In other words, "[a]s long as the award draws its essence from the collective bargaining agreement and is not merely the arbitrator's own brand of industrial justice, it must be confirmed." *Id.* at 537 (quotations omitted).

Where, as here, a petition to confirm an arbitration award is unopposed, courts generally treat the petition "as akin to a motion for summary judgment." *D.H. Blair & Co.*, 462 F.3d at 109. Although the Court grants significant deference to the arbitrator's decision, an unopposed confirmation petition "fail[s] where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *Id.* at 110 (quotations omitted).

**B.     Analysis**

Petitioner has shown that there is no genuine issue of material fact precluding summary judgment in its favor. The Joint Trade Committee reasonably construed the CBA in finding that

4

Respondent was bound by that agreement, Award at 2; Petition ¶ 4; CBA at 125, which required Respondent to hire only Union employees to complete work covered within the scope and jurisdiction of the CBA.  Award at 3; Petition ¶ 6.  The CBA also provided for arbitration in the event of a dispute.  CBA Art. XIII § 3.  The Joint Trade Committee found that Respondent had notice of the arbitration, and representatives of both Petitioner and Respondent attended the arbitration.  Award at 2-3; *see* Kugielska Declaration, Exh. C.  After evaluating parties' contentions, the Committee determined that Petitioner had hired a non-Union employee, in violation of the CBA.  Award at 3; *see* CBA Arts. II & XIII § 11 Violation 6.  The Committee adhered to the terms of the CBA and acted within the bounds of its authority in making its findings against Respondent.

The Court also finds, based on the undisputed evidence, that the Award was proper.  As modified on April 25, 2019, the CBA states that if an employer is found to have breached it by hiring a non-Union employee for work within the CBA's scope, the second offense will entail a penalty of "$10000.00 for each non-union man plus $3000.00 liquidated damages plus the Joint Trade Committee has discretion to implement 50% of the men on the job from the Union."  CBA at 120.  The Joint Trade Committee found not only that Respondent hired non-Union labor on January 20, 2021, but also that this constituted Respondent's second offense under the CBA.  Award at 3.  Although Petitioner has "not presented this Court with copies of all the materials on which the arbitrator relied, there is no reason to doubt the arbitrator's interpretation of those materials."  *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. C K S Woodworks, Inc.*, No. 20 Civ. 2556 (JPC), 2021 WL 734959, at *3 (S.D.N.Y. Feb. 24, 2021) (quotations omitted).  Plus, nothing suggests "that the arbitration decision was made arbitrarily, exceeded the arbitrator's

jurisdiction, or otherwise was contrary to law." *Id.* (quotations omitted).  The Court therefore confirms Petitioner's timely application for confirmation of the Award amount.[1]

### III. Conclusion

For the reasons above, the Petition is granted.  The Clerk of Court is respectfully directed to enter a judgment of $13,000.00, which consists of the arbitration Award.  The Clerk of Court is also respectfully directed to close this case.

SO ORDERED.

Dated: February 9, 2022
       New York, New York

                                                            _____
                                                            JOHN P. CRONAN
                                                            United States District Judge

---

[1] Petitioner attached to the Petition, as Exhibit A, a "Memorandum of Law," which argues for confirmation of the award and further maintains that Petitioner is entitled to its attorney's fees and costs in bringing the Petition.  Petition, Exh. A at 5-6.  But Petitioner did not seek fees and costs in the Petition itself, as the Petition's prayer for relief does not make a demand for fees and costs, *see* Petition at 4, and Petitioner does not mention fees and costs in any of its submissions in support of its motion for summary judgment to confirm the Award, Dkts. 8-11.  And the Memorandum of Law attached to the Petition does not even provide a legal basis for Petitioner's entitlement to fees or evidence to support a specific award of fees.  Generally, "in a federal action, attorney's fees cannot be recovered by the successful party in the absence of statutory authority for the award," which section 301 of the LMRA does not provide.  *Int'l Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985).  A court may, however, award attorney's fees "[p]ursuant to its inherent equitable powers . . . when the opposing counsel acts 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* (quoting *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129 (1974)).  But that has not been shown here.  In the absence of any argument for why Petitioner is entitled to fees, let alone records to support a specific award of fees and costs, the Court declines to award Petitioner attorney's fees and other expenses.